## Schneider v. Zoning Board of Adjustment

*Henry E. Rea, Jr.,* for plaintiff.

*Robert A. Jarvis,* for defendant.

McBRIDE, J., February 15, 1957.—E. C. Schneider appealed from an order of the Zoning Board of Adjustment of the Borough of Whitehall affirming the refusal of the building inspector to grant a permit for building an extension to appellant's present building. The record is voluminous; there was a dispute as to whether or not there had been taken up before the zoning board of adjustment two additional plans, (1) for a road leading to a garage which needed to be built and for which naturally a building permit would be necessary. Later, by agreement of counsel, the appeal was limited to the board's refusal to grant a permit for the construction of a loading platform for the dairy trucks. After hearing, the court ordered a building permit to be issued.

According to the testimony, in 1936 Edward C. Schneider and Catherine W. Schneider, his wife, acquired title to a plot of land in Baldwin Township, having a frontage of 80 feet on Frank Street and a uniform depth of 190 feet. At that time there was a dairy erected on the premises. In 1941 Edward Schneider and his wife acquired certain other property immediately adjacent to the original tract. These two

pieces of ground constitute the entire property involved in this appeal.

In 1948 the Borough of Whitehall was incorporated and thereafter enacted a zoning ordinance, and these two pieces of property owned by the Schneiders was zoned residential. In consequence, appellant's dairy business became with the adoption of the ordinance a nonconforming use.

In 1952 substantially all of the property owned by Edward Schneider and his wife, with the exception of a small plot on which their residence was located, was conveyed to appellant corporation. All the stock of the corporation is owned by Edward C. Schneider and his wife, with the exception of one share owned by one of their sons.

The proposed new building will cover approximately 787 square feet of land, 15 feet wide and approximately 55 feet long. The building will be one story in height and will be constructed of the same materials as the present dairy building. This new building will be set back approximately 160 feet from Frank Street and will be to the rear of the two existing buildings on the appellants' premises. The plan is to use one wall of the building, erecting two doors at either end, and construct one wall 45 feet long; it will be covered. This building is to be used as a loading and unloading room for dairy trucks. The loading and unloading of the dairy trucks, which now is done in the open, will be done within a closed building; all the noise and sound which now emanates from the loading and unloading in the open will be immeasurably decreased. The loading and unloading of milk will be done in a faster and more sanitary manner and will not be hampered by adverse weather conditions.

Appellant testified that denial of the permit to erect this building will result in a hardship to him in loading and unloading, for the reason that it will force

appellant to continue loading and unloading in the open where sanitary problems arise due to adverse weather conditions.

The denial of the permit to erect this building would prevent the integration of the dairy; at the present time the loading and unloading is done in the southwest corner, whereas the processing and storage rooms are in the northeast section of the building. By adding this new section, the processing and storage and the loading and unloading will be centralized and the efficiency of the dairy will be materially increased.

Appellant delivers milk in the Pittsburgh area and is subject to the health requirements of the City of Pittsburgh, which now require that fluid milk tanks be loaded and unloaded entirely within a closed building.

Up to this time, appellant has had to have special permission from the union to begin loading earlier on account of the inconvenience in loading outside and also special permission from the Pittsburgh Health Department to unload outside. This proposed building would meet this health requirement and, since appellant is subject to these regulations, the failure to permit the building would cause appellant an undue hardship.

In opposition to the proposed new building several neighbors appeared and opposed the granting of the permit solely on the basis that any new construction would decrease the value of their property. Several of the witnesses said that they would not be opposed to the loading and unloading of milk within an enclosure if the result would be a diminution of the noise caused by the present process.

The board's contention is, first, the building is to be partially erected on land that is not used for a nonconforming use business and, second, section 1402 of the Zoning Law of the Borough of Whitehall prohibits

structural alterations to a building existing at the time of the adoption of the borough ordinance.

In the Appeal of E. C. Schneider v. Zoning Board of Adjustment of the Borough of Whitehall at no. 105-A of 1954, Allegheny County Court, heard by Judge Kaufman, the same reasons were given by the board for refusing a building permit. In that case appellants were given permission to construct an addition extending partially on the Schneider residence property. The court found that the entire tract was used for business purposes. The testimony in that case shows that there was but one road into the dairy and the residence property and that it extended over the property held in the Schneiders' name, the residence was used for storage and supplies incident to the business and that the dairy trucks were parked on the residence property.

The court also held that the borough ordinance could not prohibit the expansion of appellant's business and cited Humphreys v. Stuart Realty Corporation, 364 Pa. 616, wherein the court said:

"A nonconforming use cannot be limited by a zoning ordinance to the precise magnitude thereof which existed at the date of the ordinance." We find no reason to change Judge Kaufman's decision.

The question before the court, therefore, reduces to a single issue: Did the board of adjustment commit an abuse of its discretion in refusing appellant's request for a building permit for a loading platform? We believe that they did.

It is apparent that the enclosing of the loading and unloading platform would not be an expansion of the dairy business but simply an enclosure of what is already being done; that it would eliminate many of the undesirable elements of the loading and unloading of milk and would not adversely affect any of the nearby residents: Peirce Appeal, 384 Pa. 100.

544

And now, to wit, February 15, 1957, the order of court of August 26, 1954, is affirmed.